IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245045, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-705-WKW |
| ) | |
| SGT. EWARDS, et al., ) | |
| ) | |
|     Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Carlos Carey ("Carey"), an indigent state inmate and frequent litigant in this court. In the instant complaint, Carey alleges he is not allowed to shower on a regular basis, wardens are holding/reading his outgoing legal mail, known and unknown enemies continually threaten him, and he is improperly denied placement in protective custody.

Pursuant to the orders of this court, the defendants filed a special report and supplemental special report, supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by Carey. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Carey. Specifically, the defendants assert that the conditions/actions about which Carey complains did not rise to the level of constitutional violations and the unrefuted evidentiary materials support this assertion. In light of the foregoing, the court issued an order directing Carey to file a response to the defendants' written reports. *Doc. No. 19*. The order advised Carey that his failure to respond to the report would be treated

by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the undersigned recommending dismissal of this civil action. *Id*. (emphasis in original). The time allotted Carey for filing a response in compliance with the directives of this order expired on January 9, 2017. Carey has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Carey is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Carey's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure Carey's compliance would be unavailing. Consequently, the court concludes that Carey's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before February 24, 2017 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of February, 2017.

                                /s/     Wallace Capel, Jr.
                              UNITED STATES MAGISTRATE JUDGE